UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Tasha Perrin,**

**Plaintiff,**                    **Case No. 15-cv-13482**
**Hon. Denise Page Hood**

**v.**

**Nua Vuliai et al,**

**Defendants.**
_____/

**ORDER GRANTING MOTION TO DISMISS (Doc. No. 11) AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 14)**

**I.      INTRODUCTION AND BACKGROUND**

Before the Court is Defendant Vuliai's Motion to Dismiss Plaintiff's Complaint **(Doc. No. 11)** and Plaintiff's Motion for Appointment of Counsel **(Doc. No. 14)**. For the reasons stated below, the Motion to Dismiss is **GRANTED** and the Motion for Appointment of Counsel is **DENIED.**

*Pro Se* Plaintiff Tasha Perrin ("Perrin") worked as a waitress for Defendants Nua Vuliai ("Vuliai") and Elliot ("Elliot") restaurant, Omega Grill. The dates of  Perrin's employment with Omega Grill is disputed. Plaintiff states she began working for Omega Grill in March 2013, while Defendant claims she started in July 2013. Plaintiff allegedly quit working for Omega

Grill on September 14, 2014, but returned on February 15, 2015. Plaintiff

quit for a final time on April 16, 2015.

On October 5, 2015, Perrin filed a *pro se* Complaint with this Court

alleging violations of Title VII. Specifically, she alleges she was

discriminated against due to her race and gender. She alleges that

Defendants consistently made degrading racial and sexual remarks to her,

such as requesting sexual acts from Plaintiff. She also states, that each

time she complained of the harassment, Defendants would retaliate against

her with more harassment.  Defendant Vuliai responded with a Motion to

Dismiss stating that Plaintiff failed to exhaust her administrative remedies

with the EEOC. Plaintiff responds that she did exhaust her administrative

remedies with Defendants.  She followed the internal policies of Omega

Grill. She wrote Defendants a letter stating that unless Defendants stopped

harassing her, she would quit. Accordingly, she states she did exhaust all

administrative remedies. Perrin also notes that exhaustion of administrative

remedies with the EEOC is not a jurisdictional requirement for a claim for

retaliation under Title VII.

## II.    STANDARD OF REVIEW

In general, a complaint requires "a short and plain statement of the

claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, as a result of *Twombly*, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When a complaint is challenged under Rule 12(b)(6), a court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Although the court primarily considers the allegations in the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that

would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

## III.   DEFENDANT'S MOTION TO DISMISS

Under Title VII, before filing a complaint in the district court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC and obtaining a right-to-sue letter. 29 U.S.C. §§ 626(d)-(e); 42 U.S.C. §§ 2000e–5(e)–(f); *Randolph v. Ohio Department of Youth Services*, 453 F.3d 724, 731-732 (6th Cir.2006). "An individual may not file suit under Title VII if she does not possess a "right to sue" letter from the EEOC." *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). Therefore, the failure to timely exhaust available administrative remedies is an appropriate basis for dismissal of Title VII action. *Henderson v. Enter. Leasing of Detroit, LLC*, No. 13-14892, 2014 WL 1515828, at *3 (E.D. Mich. Apr. 18, 2014); *Abe v. Michigan Dep't of Consumer & Indus. Servs.*, 229 F.3d 1150 (6th Cir.2000).

In this case, Perrin does not allege that she filed a discrimination charge with the EEOC prior to filing her Complaint with this Court. Nor did she produce to the Court a Right-to-Sue letter from the EEOC indicating that she exhausted her administrative remedies under Title VII. In her

response to Defendant's Motion, she claims she exhausted Omega Grill's administrative remedies by writing her complaints in a letter and giving the letter to Defendants, but exhaustion of the internal employer administrative procedures are not the administrative remedies Title VII requires. Rather, a plaintiff must exhaust EEOC administrative remedies.

Plaintiff argues that her Complaint should not be dismissed because failing to exhaust is not a jurisdictional requirement for a Title VII claim. Perrin relies on *Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851 (6th Cir. 2013) for this proposition. In *Adamov*, the Sixth Circuit noted that exhaustion of a Title VII claim is not a jurisdictional requirement under Title VII. *Id.* at 856. Jurisdictional,  as in, an issue the Court can raise *sua sponte*. The Sixth Circuit concluded that the defendant in *Adamov* forfeited the argument that the plaintiff failed to exhaust his retaliation claim by failing to raise it in district court. *Id.* In this case, Defendant did raise exhaustion as grounds for dismissing Perrin's discrimination claims. Therefore, *Adamov* does not apply and her claim must be dismissed. See also, *Cotuna v. Walmart Stores, Inc.*, No. 14-CV-10420, 2015 WL 928201, at *4 (E.D. Mich. Mar. 4, 2015)(noting that while failure to exhaust is not jurisdictional under *Adamov*, gender discrimination was subject to dismissal

for failure to exhaust when defendant raised failure to exhaust in responsive motion.)

In addition, Perrin claims that Defendants committed tax fraud. The IRS, and not private citizens, are in charge of enforcing the tax code. *Obal v. Deutsche Bank Nat. Trust Co.*, No. 14 CIV. 2463, 2015 WL 631404, at *4 (S.D.N.Y. Feb. 13, 2015). See also, *Seabury v. City of New York*, No. 06-CV-1477 (NGG), 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006) ("Section 7202 of the United States Tax Code provides for criminal penalties for failing to collect, account for, or pay over any taxes imposed by the Tax Code, but does not provide for a private right of action. 26 U.S.C. § 7202."). Perrin is a private citizen. She does not have the authority to enforce alleged violations of the tax code. Accordingly, this claim is also dismissed.

## IV. Plaintiff's Motion for Appointment of Counsel

Perrin filed a motion for appointment of counsel. Since the Court is Granting the Motion to Dismiss, this request is **DENIED**.

## V. CONCLUSION

Defendant's Motion to Dismiss **(Doc. No. 11)** is **GRANTED** and Plaintiff's Complaint is **DISMISSED** as to both Defendants**.** Accordingly,

this action is **DISMISSED.** Plaintiff's Motion for Appointment of Counsel

**(Doc. No. 14)** is **DENIED**.

      **IT IS ORDERED**.


          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: February 29, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2016 electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry
          Case Manager